IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**OMAR F. MARQUES,**

    **Petitioner,**

    **v.**

**WARDEN, NOBLE
CORRECTIONAL INSTITUTION,**

    **Respondent.**

**CASE NO. 2:20-CV-1270
CHIEF JUDGE ALGENON L. MARBLEY
Magistrate Judge Kimberly A. Jolson**

## OPINION AND ORDER

On July 16, 2020, the Magistrate Judge issued a Report and Recommendation recommending that Respondent's Motion to Dismiss (Doc. 9) be granted and that the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be dismissed.  (Doc. 11).  Petitioner has filed an Objection to the Magistrate Judge's Report and Recommendation.  (Doc. 12).  Pursuant to 28 U.S.C. § 636(b), this Court has conducted a de novo review.  For the reasons that follow, Petitioner's Objection (Doc. 12) is **OVERRULED**.  The Report and Recommendation (Doc. 11) is **ADOPTED** and **AFFIRMED**.  Respondent's Motion to Dismiss (Doc. 9) is **GRANTED**.  This action is hereby **DISMISSED.**

The Court **DECLINES** to issue a certificate of appealability.

On September 28, 2019, Petitioner was found guilty after a jury trial on kidnapping and two counts of rape.  On October 26, 2017, the trial court imposed a term of eight years' incarceration.  (*Judgment Entry*, Doc. 8, PAGEID # 93).  On January 10, 2019, the appellate court affirmed the trial court's judgment.  *State v. Marques*, 10th Dist. No. 17AP-849, 2019 WL 158151 (Ohio Ct. App. Jan. 10, 2019).  Petitioner did not file an appeal.  On July 10, 2019, he filed a delayed application to reopen the appeal pursuant to Ohio Appellate Rule 26(B).  The

appellate court denied the Rule 26(B) application as untimely and without merit.  (Doc. 8, PAGEID # 192).  On January 21, 2020, the Ohio Supreme Court declined to accept jurisdiction of the appeal.  (PAGEID # 233).  On March 5, 2020, Petitioner executed this habeas corpus petition.  He asserts that he was denied the effective assistance of appellate counsel; denied a fair trial due to the admission of certain statements and DNA evidence; and that the evidence is constitutionally insufficient to sustain his convictions.  The Magistrate Judge recommended dismissal of this action as unexhausted and barred by the one-year statute of limitations provided for under 28 U.S.C. § 2244(d).

Petitioner objects to those recommendations.  Petitioner argues, first, that he has exhausted his claims by filing a direct appeal in the Ohio Supreme Court.  Next, the Petitioner argues that his Rule 26(B) application tolled the running of the statute of limitations under the provision of § 2244(d)(2), and that this action therefore is timely.  Neither of these arguments, however, assist him.

The record does not indicate that Petitioner ever filed an appeal to the Ohio Supreme Court from the appellate court's January 10, 2019, dismissal of his direct appeal.  He instead filed an appeal to the Ohio Supreme Court in Rule 26(B) proceedings.  Thus, Petitioner may still pursue a delayed appeal under Ohio Supreme Court Rule of Practice 7.01(A)(4), and this action remains unexhausted and subject to dismissal on that basis.  Moreover, as discussed by the Magistrate Judge (*Report and Recommendation*, Doc. 11, PAGEID # 281-82), a state court's alternative ruling does not forgive the waiver of a claim as untimely.  Applying that rule here, the one-year statute of limitations also bars review of Petitioner's claims.

For the foregoing reasons and for the reasons detailed in the Magistrate Judge's Report and Recommendation, Petitioner's Objection (Doc. 12) is **OVERRULED**.  The Report and

Recommendation (Doc. 11) is **ADOPTED** and **AFFIRMED**.  Respondent's Motion to Dismiss (Doc. 9) is **GRANTED**.  This action is hereby **DISMISSED.**

Pursuant to Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court now considers whether to issue a certificate of appealability.  "In contrast to an ordinary civil litigant, a state prisoner who seeks a writ of habeas corpus in federal court holds no automatic right to appeal from an adverse decision by a district court." *Jordan v. Fisher*, —U.S. —. —, 135 S.Ct. 2647, 2650 (2015); 28 U.S.C. § 2253(c)(1) (requiring a habeas petitioner to obtain a certificate of appealability in order to appeal).

When a claim has been denied on the merits, a certificate of appealability may issue only if the petitioner "has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2). To make a substantial showing of the denial of a constitutional right, a petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'"  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893, n.4 (1983)).  When a claim has been denied on procedural grounds, a certificate of appealability may issue if the petitioner establishes that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.  *Id*.

The Court is not persuaded that reasonable jurists would debate the dismissal of this action as unexhausted and time-barred.  The Court therefore **DECLINES** to issue a certificate of appealability.

The Court certifies that the appeal would not be in good faith and that an application to proceed *in forma pauperis* on appeal should be **DENIED.**

**IT IS SO ORDERED**.

_____
**ALGENON L. MARBLEY
CHIEF UNITED STATES DISTRICT JUDGE**

**DATED:  November 2, 2020**