IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**OMAR F. MARQUES,**

      **Petitioner,**        CASE NO. 2:20-CV-1270
                                           **CHIEF JUDGE ALGENON L. MARBLEY**
v.                                           **Magistrate Judge Kimberly A. Jolson**

**WARDEN, NOBLE CORRECTIONAL
INSTITUTION,**

      **Respondent.**

## OPINION AND ORDER

Petitioner, a state prisoner, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Final judgment dismissing the petition was entered on November 2, 2020. (ECF Nos. 13 and 14.) Following an extension of time, Petitioner filed a notice of appeal on August 5, 2021. (ECF No. 20.) This matter is before the Court on Petitioner's motions for a certificate of appealability (ECF No. 21) and for leave to proceed *in forma pauperis* (ECF No. 22). For the reasons that follow, both motions are **DENIED**.

## I. BACKGROUND

Petitioner sought to challenge his 2017 convictions after a jury trial in the Franklin County, Ohio Court of Common Pleas on kidnapping with sexual motivation in violation of Ohio Revised Code § 2905.01, and two counts of rape in violation of Ohio Revised Code § 2907.02. (ECF No. 8, at PageID 93-95.) Petitioner appealed that judgment to the Court of Appeals for the Tenth Appellate District, arguing that the judgment was not supported by sufficient evidence and was against the manifest weight of the evidence. (*Id*. at PageID 98-110.) On January 10, 2019, the appellate court affirmed the judgment against Petitioner. (*Id*. at PageID 149-59.) It does not

appear that Petitioner appealed that decision to the Supreme Court of Ohio.

Petitioner did, however, file a *pro se* application for delayed reopening, asserting a claim of ineffective assistance of appellate counsel for failing to argue on direct appeal that Petitioner was denied due process and a fair trial by the admission and consideration of suppressed evidence. (*Id*. at PageID 161-65.) The appellate court denied Petitioner's application on October 8, 2019. (*Id*. at PageID 192-97). Petitioner appealed that decision, but the Ohio Supreme Court on January 21, 2020 declined to accept jurisdiction over the appeal. (*Id*. at PageID 233.)

Petitioner executed his *pro se* habeas corpus petition in this Court on March 5, 2020, arguing: (1) that he was denied effective assistance of appellate counsel; (2) that he was denied a fair trial when the trial court admitted statements and DNA evidence that it had previously suppressed; and (3) that the evidence was constitutionally insufficient to sustain his convictions. (ECF No. 1.) On July 16, 2020, the Magistrate Judge issued a Report and Recommendation recommending that the petition be dismissed because Petitioner's insufficiency of the evidence claim was unexhausted due to Petitioner's failure to pursue a direct appeal or delayed appeal to the Supreme Court of Ohio, and because all of Petitioner's claims were barred by the one-year statute of limitations due to Petitioner's not executing his petition until March 5, 2020 when his judgment of conviction had become final on February 24, 2019 (forty-five days after the time for appealing the appellate court's dismissal of the direct appeal expired). (ECF No. 11.) This time-bar, the Magistrate Judge concluded, was neither tolled by application for reopening, because that application was denied as untimely, nor excused by the appellate court's alternative denial of Petitioner's application as meritless. (*Id*. at PageID 281-82.)

2

On November 2, 2020, this Court issued an Opinion and Order adopting and affirming the Report and Recommendation, and dismissing the action. (ECF No. 13, at PageID 287.) The Court overruled Petitioner's objections that he exhausted his claims by filing a direct appeal to the Supreme Court of Ohio (he did not) and that his application for reopening tolled the statute of limitations. (*Id*. at PageID 288.) The Court also declined to certify these issues for appeal, finding that reasonable jurists would not find debatable the dismissal of this action as unexhausted and time-barred. (*Id*. at PageID 289.) Petitioner, having filed a notice of appeal on August 5, 2021 (ECF No. 20), moves for a certificate of appealability (ECF No. 21) and for leave to proceed *in forma pauperis* (ECF No. 22.)

## II. ANALYSIS

The Court already determined pursuant to governing standards that a certificate of appealability was not warranted. (ECF no. 13, at PageID 289.) Petitioner offers no new arguments supporting the issuance of a certificate of appealability. (ECF No. 21.) His motion for a certificate of appealability is thus **DENIED**.

As for Petitioner's motion for leave to proceed *in forma pauperis*, a habeas petitioner who seeks permission to pursue an appeal without prepayment of fees must comply with Fed.R.App. 24(a). That rule provides:

> **(1) Motion in the District Court.** Except as stated in Rule 24(a)(3), a party to a district-court action who desires to appeal in forma pauperis must file a motion in the district court. The party must attach an affidavit that:
>
> **(A)** shows in the detail prescribed by Form 4 of the Appendix of Forms the party's inability to pay or to give security for fees and costs;
>
> **(B)** claims an entitlement to redress; and
>
> **(C)** states the issues that the party intends to present on appeal.

The Rule also requires the district court to certify in writing whether the appeal is taken in good faith, and to deny *in forma pauperis* status if the appeal would be frivolous. *See, e.g., Frazier v. Hesson*, 40 F. Supp. 2d 957, 967 (W.D. Tenn. 1999); *Burke v. Smith*, Case No. 2:07-cv-665, 2009 WL 468064, at *1-2 (S.D. Ohio Feb. 23, 2009) (Marbley, J.). This "good faith" standard is an objective one. *Coppedge v. United States*, 369 U.S. 438, 445 (1962.)

Petitioner submitted a certified copy of his prison trust fund account statement on April 02, 2020 (ECF No. 3), and avers in a recent affidavit that he has no means of financial support or assets of value and cannot pay for any legal services, fees, or costs associated with this appeal (ECF No. 22). Even assuming those documents comply with Fed. R. App. 24(a), the Court already determined in its November 2, 2020 Opinion and Order that this appeal would not be in good faith. (ECF No. 13, at PageID 290.) Petitioner offers no new arguments persuading the Court otherwise. Thus, for the same reasons that the Court dismissed this action and declined to issue a certificate of appealability, the Court finds that this appeal would be frivolous. The Court thus **CERTIFIES**, pursuant to Fed. R. App. 24(a), that any appeal in this matter is not taken in good faith and that Petitioner may not proceed on appeal *in forma pauperis*. Petitioner's motion for leave to proceed *in forma pauperis* is **DENIED**.

### III.  CONCLUSION

For the foregoing reasons, Petitioner's motions for a certificate of appealability (ECF No. 21) and for leave to proceed *in forma pauperis* (ECF No. 22) are **DENIED**.

**IT IS SO ORDERED.**

_____
**ALGENON L. MARBLEY
CHIEF UNITED STATES DISTRICT JUDGE**

**DATED:  October 26, 2021**